NATHAN LEVINE et al., Doing Business under the Name of LEVINE & FARKAS, Landlords, *v.* BROOKLYN CORNELL UTILITIES, INC., Tenant.

Municipal Court of the City of New York, Borough of Brooklyn, July 5, 1945.

*Lawrence Cohen* for landlords.

*Milton S. Lebe* for tenant.

McKinney, J. This is a summary proceeding instituted by the landlords to recover their premises on the grounds that the tenant refused to execute a renewal lease. The tenant interposed the defense that the rent demanded in the renewal lease was in excess of 15% over the rent the tenant was paying on March 1, 1943.

The tenant occupied the premises in question for seventeen or eighteen years prior to this proceeding. In March, 1943, it occupied the premises under a lease with the then owner, which lease provided for a monthly rent of $100. Thereafter the premises were sold to the present landlord who also received an assignment of the lease under which the tenant had been occupying the premises. The present landlord and the tenant entered into a new lease thereafter which provided for a monthly rent of $140. This new lease covered the period May 1, 1944, to April 30, 1945. At the expiration of that lease the landlord requested the tenant to execute a renewal thereof to be effective May 1, 1945, at a rental of $161, this amount being 15% above the rental paid by the tenant on June 1, 1944. The tenant refused to execute the proposed lease and offered the landlord the sum of $115 for rent for the month of May, 1945, and further

offered to execute a lease which provided for a monthly rental in that amount, the sum $115 being 15% above the rent paid by the tenant on March 1, 1943.

In all the leases between the parties there was a provision that the premises were to be used for the sale of oil burners and repair thereof and the sale of fuel oil and all the leases were prepared on the standard form of store lease.

It is the landlords' contention that the Business Rent Law (L. 1945, ch. 314) is to be applied to the premises, while the tenant contends the Commercial Rent Law (L. 1945, ch. 3, as amd. by L. 1945, ch. 315) affects the premises.

The tenant was a distributor and jobber of well-known makes of oil burners and a fuel oil dealer. The premises consisted of a store front with a center entrance on street level and a basement. On the street-level floor the tenant displayed models of oil burners and had several desks. A young lady was present who did clerical work and answered the telephone. The tenant's books and records were maintained there. There were no counters or salesmen. The tenant employed salesmen who solicited orders off the premises. In the basement the tenant maintained a repair shop where mechanics repaired and serviced oil burners. There were several workbenches, and repair and installation parts were stored in the basement. Orders were received over the telephone for fuel oil, but no fuel oil was stored on the premises. The tenant sold the oil burners to regular customers who would buy several at a time. It also sold them to individuals.

This evidence indicates the tenant's business was partly wholesale and partly retail. The sole question here to be determined is which law is to be applied, the Commercial Rent Law or the Business Rent Law.

The fact that the premises in question resembled an ordinary store is of some importance. Nevertheless the nature of the tenant's business must be analyzed to determine which law is to be applied. The fact also that the tenant maintained an office on the premises is of some importance. However, every business requires a certain amount of clerical records.

Stores and offices are excepted in the Commercial Rent Law, and that law defines these exceptions. A store is defined in the Commercial Rent Law as any space predominantly used or occupied for the sale of personal property at retail (§ 2, subd. [c]). An office is defined in the Commercial Rent Law as a separate business unit occupied for other than commercial purposes (§ 2, subd. [d]).

The facts in this case indicate the tenant's business was not predominantly retail and its office was not maintained as a separate unit. Therefore it does not fall within the exceptions as set forth in the Commercial Rent Law, and that law applies to its occupancy.

I hereby find and decide that the petition herein be and the same is hereby dismissed on the merits.